IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANYA WRIGHT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-3449-N-BK |
| | § | |
| MEGAN J. BRENNAN, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. For the following reasons, the Court recommends that the case be **DISMISSED WITHOUT PREJUDICE**.

In December 2016, Plaintiff, proceeding *pro se*, filed a letter with the Court directed to Chief Judge Lynn in which she appeared to complain about job discrimination and retaliation she was facing from several individuals in the course of her employment as a postal worker. Doc. 3. In February 2017, the undersigned warned Plaintiff that her filing did not comply with Federal Rule of Civil Procedure 8(a). Doc. 6. Plaintiff was given until March 8, 2017 to cure the deficiency by filing an amended complaint on the correct form, and also warned that her failure to do so may lead to dismissal of the action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Doc. 6.

On March 9, 2017 – one day late – Plaintiff filed an amended complaint on the correct form, but did not fill out the form in the space provided – meaning she failed to include any allegations whatsoever. Doc. 7. Instead, she attached to the form another letter to Chief Judge Lynn, again claiming that various individuals had discriminated against her and retaliated against her based on complaints that she had filed with the Equal Employment Opportunity

Commission.[1]  Doc. 7 at 2-3.  Plaintiff additionally attached a letter addressed, "To Whom it May Concern," that reiterates much of the same information she wrote in her letter to Chief Judge Lynn.  Doc. 7 at 4-5.  A review of Plaintiff's amended filing reveals that it plainly fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure requiring a short and plain statement of the claim showing entitlement to relief.   Most importantly, however, Plaintiff has neither stated the grounds for the Court's subject matter jurisdiction nor filed a civil cover sheet specifying the basis for the same.  Thus, at a minimum, there are no factual allegations from which the Court can infer that it has the authority to act.

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution, federal statute, or treaty.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  A federal court has an independent duty, at any time throughout the proceedings, to determine whether it properly has subject-matter jurisdiction to hear a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

Having already given Plaintiff the opportunity to amend her complaint, the Court presumes that she has stated her best case.  *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").  Therefore, at this point, no further leave to amend need be granted.

---

[1] Plaintiff's amended complaint names three individuals as Defendants, but does not name the Postal Service.  Individuals, however, are not subject to liability for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964. *Indest. v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999).

Accordingly, the undersigned recommends that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for lack of subject matter jurisdiction.[2]

**SO RECOMMENDED** on March 31, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] In this fee-paid case, Plaintiff also failed to timely effectuate service on Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure or show good cause for her failure to do so..